IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY TYLER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2469-G |
| | § | |
| CEDAR HILL INDEPENDENT | § | |
| SCHOOL DISTRICT, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Mary Tyler, an African-American female, against her former employer, the Cedar Hill Independent School District ("CHISD"), and various administrators, teachers, police officers, and others employed by or associated with the school district. On December 29, 2009, plaintiff tendered a one-page complaint with attachments to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two sets of written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on January 19, 2010 and February

19, 2010. The court now determines that plaintiff should be permitted to prosecute her Title VII race discrimination claim against CHISD, and her excessive force claim against CHISD police officers Mike McKinney and Richard Collier. Her other claims should be summarily dismissed.

II.

Plaintiff, a former sixth grade teacher at Beltline Intermediate School in Cedar Hill, Texas, alleges that school administrators, teachers, students, and parents have conspired to end her teaching career by falsely accusing her of wrongdoing. As best the court can decipher her prolix and disorganized pleadings, it appears that plaintiff was arrested by CHISD police officers after prescription pain medication was found in her classroom. As a result of her arrest, as well as performance-related issues and alleged violations of school policies, the CHISD Board of Trustees voted to terminate plaintiff's contract. A termination hearing was held in February 2010, at which time plaintiff resigned. In this lawsuit, plaintiff complains that she was slandered by unruly students and their parents, subjected to an illegal search and seizure, falsely arrested, held hostage in her classroom for six hours, interrogated by the police without an attorney present, removed from her teaching position without due process, injured by the use of excessive force, and discriminated against on the basis of race, age, and disability.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff's constitutional claims for illegal search and seizure, false imprisonment, unlawful arrest, and wrongful interrogation by the police are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under *Heck*, a plaintiff cannot bring a section 1983 civil rights action which, if successful, would necessarily imply the invalidity of her conviction or sentence, unless and until the conviction or sentence has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck*, 114 S.Ct. at 2372. *Heck* also applies to section 1983 claims that necessarily imply the invalidity of a pending criminal charge. *See Agard v. Sanders*, No. 3-06-CV-1129-G, 2006 WL 2128079 at *2-4 (N.D. Tex. Jul. 31, 2006) (citing cases).

In her interrogatory answers, plaintiff states that she has been indicted by a Dallas County grand jury for possessing prescription medication on school grounds. (*See* Mag. J. Sec. Interrog. #4(a)). That criminal case is still pending. (*See* Mag. J. Sec. Interrog. #4(b)). Consequently, plaintiff cannot maintain a section 1983 action for illegal search and seizure, false imprisonment, unlawful arrest, and wrongful interrogation by the police. See *Jackson v. Terrell Police Dept.*, No. 3-09-CV-2307-G, 2010 WL 183935 at *2 (N.D. Tex. Jan. 19, 2010) (collecting cases); *Williams v. City of Dallas Police Dept.*, No. 3-09-CV-0275-P, 2009 WL 812239 at *3 (N.D. Tex. Mar. 26, 2009).

C.

Nor can plaintiff sue for alleged violations of federal or state criminal laws. (*See* Mag. J. Interrog. #1, 2, 8). "[F]ederal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action." *Williams v. Cintas Corp.*, No. 3-07-CV-0561-M, 2007 WL 1295802 at *2 (N.D. Tex. Apr. 10, 2007) (collecting cases), *rec. adopted*, 2007 WL 1300780 (N.D. Tex. May 2, 2007). In order for a private right of action to exist, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Ali v. Shabazz*, 8 F.3d 22 (Table), 1993 WL 456323 at *1 (5th Cir. Oct. 28, 1993), *quoting Cort v. Ash*, 422 U.S. 66, 79, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). Plaintiff appears to accuse one or more defendants of illegally planting evidence in her classroom, which resulted in her arrest and prosecution. To the extent plaintiff seeks to recover damages for alleged violations of unspecified criminal laws, she has failed to state a claim on which relief may be granted. See *Ali*, 1993 WL 456323 at *1, *quoting Johnson v. Kegans*, 870 F.2d 992, 1005 n.4 (5th Cir.), *cert. denied*, 109 S.Ct. 3250 (1989) (Goldberg, J., dissenting) (corrective process under criminal statutes "lie[s] entirely within the discretion of a governmental body").

D.

The court should also dismiss plaintiff's claims for defamation and due process violations. (*See* Mag. J. Interrog. #2, 9; Mag. J. Sec. Interrog. #2). Claims for defamation, including libel and slander, are state law matters not actionable under 42 U.S.C. § 1983 or any other federal statute. *See Waddleton v. Blalock*, 277 F.3d 1374 (Table), 2001 WL 1485851 at *1 (5th Cir. Nov. 16, 2001), citing *Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir. 1988).[1] Although due process entitles a tenured public school teacher, like plaintiff, to a pretermination hearing, *see Findeisen v. North East Independent School Dist.*, 749 F.2d 234, 239 (5th Cir. 1984), *cert. denied*, 105 S.Ct. 2657 (1985), plaintiff received such a hearing. Not only was plaintiff given an opportunity to answer the charges against her at the hearing, but she was represented by counsel. (*See* Mag. J. Interrog. #9; Mag. J. Sec. Interrog. #2). On these facts, there is no due process violation as a matter of law.

E.

Plaintiff further alleges that she was discriminated against by CHISD on the basis of race, age, and disability. Under the federal anti-discrimination statutes, a plaintiff must exhaust administrative remedies before filing suit in federal court. *See, e.g. Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1287 (2003) (Title VII); *Julian v. City of Houston*, 314 F.3d 721, 725-26 (5th Cir. 2002) (ADEA); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (ADA). The purpose of the exhaustion requirement is to allow the agency to fully inquire into and attempt to resolve discrimination claims. *See Clayton v. Rumsfeld*, 106 Fed.Appx. 268, 271, 2004 WL 1739465 at *3 (5th Cir. Aug. 4, 2004). While a subsequent lawsuit is not limited to the specific complaints contained in a charge, the suit *is* limited by the scope of the

---

[1] Federal diversity jurisdiction is not proper because plaintiff and all defendants are citizens of Texas. *See* 28 U.S.C. § 1332(a)(1).

EEOC investigation that could reasonably be expected to grow out of the initial charge of discrimination. *See Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995); *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990).

Here, plaintiff's EEOC charge alleges only race discrimination. (*See* Plf. Compl., Exh. A). Plaintiff did not check the boxes marked "age" or "disability" on the charge form, or make any reference to age or disability discrimination on the part of defendants. As a result, plaintiff may not bring an age or disability discrimination claim in federal court. *See Van Myers v. Johanns*, No. 3-06-CV-2060-K, 2007 WL 177881 at *3 (N.D. Tex. Jan. 24, 2007), *citing Gonzales-Alemany v. Nicholson*, No. SA-04-CA-0773, 2006 WL 2706789 at *9 (W.D. Tex. Sept. 15, 2006) (plaintiff precluded from asserting age discrimination claim where she did not disclose claim to EEOC in a charge or otherwise).

That leaves plaintiff's claim for race discrimination. In her complaint and interrogatory answers, plaintiff alleges that she was suspended by CHISD and subjected to termination proceedings on account of her race. (*See* Plf. Compl., Exh. A; Mag. J. Interrog. #6). Plaintiff timely presented her race discrimination claim to the EEOC and has exhausted her administrative remedies. Without suggesting a view of the merits of this claim or whether dismissal would be proper in another procedural context, such as a motion for summary judgment, the court determines that plaintiff has alleged sufficient facts to survive summary dismissal on initial screening.

F.

Plaintiff also should be allowed to prosecute her excessive force claim against CHISD police officers Mike McKinney and Richard Collier. According to plaintiff, McKinney "brutalized my arms, hands, head, knees, shoulders, feet, etc. when he brutally jerked and pinned my arms, snapping my shoulders, digging the handcuffs into the veins on my arms[ ] when he handcuffed me[.]" (*See*

Mag. J. Interrog. #4). Collier allegedly held plaintiff down during this assault. (*See* Mag. J. Sec. Interrog. #5). As a result of this incident, plaintiff states that she experienced stress, heart palpitations, severe pain, anxiety, and shock. (*See* Mag. J. Sec. Interrog. #6). Again, without suggesting a view of whether dismissal may be proper in a different procedural context, plaintiff has alleged enough facts in her complaint and interrogatory answers to survive dismissal of her excessive force claim at this stage of the proceeding.

## **RECOMMENDATION**

Plaintiff should be permitted to prosecute her Title VII race discrimination claim against CHISD, and her excessive force claims against CHISD police officers Mike McKinney and Richard Collier. Her other claims should be summarily dismissed.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 3, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE