IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY TYLER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2469-BD |
| | § | |
| CEDAR HILL INDEPENDENT | § | |
| SCHOOL DISTRICT, ET AL. | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM ORDER

Defendants Cedar Hill Independent School District ("CHISD"), Richard Collier ("Collier"), and Michael McKinney ("McKinney") have filed a motion for summary judgment in this *pro se* civil action brought by Plaintiff Mary Tyler. In her complaint and verified interrogatory answers, plaintiff, a former sixth grade teacher at Beltline Intermediate School, alleges that school administrators, teachers, students, and parents conspired to end her teaching career by falsely accusing her of wrongdoing. One incident that resulted in plaintiff's termination was her arrest by CHISD Police Officers Collier and McKinney after prescription pain medication was found in her classroom. According to plaintiff, she was falsely arrested, subjected to an illegal search and seizure, held hostage in her classroom for six hours, interrogated by the police without an attorney present, and injured by the use of excessive force. Plaintiff further alleges that she was slandered by unruly students and their parents, removed from her teaching position without due process, and discriminated against on the basis of race, age, and disability. On initial screening, the court dismissed all claims except for plaintiff's Title VII race discrimination claim against CHISD and her excessive force claim against Collier and McKinney. *Tyler v. Cedar Hill Indep. School. Dist.*, No.

3-09-CV-2469-BD, 2010 WL 1233455 (N.D. Tex. Mar. 3, 2010), *rec. adopted*, 2010 WL 1233458 (N.D. Tex. Mar. 29, 2010). Defendants now seek summary judgment with respect to the remaining claims based on a Compromise Settlement Agreement and Release signed by plaintiff prior to her scheduled termination hearing. Plaintiff has filed a response to the motion, and this matter is ripe for determination.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Where, as here, a party seeks summary judgment on an affirmative defense,[1] the movant "must establish beyond peradventure *all* of the essential elements of the . . . defense[.]" *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). The burden then shifts to the nonmovant to show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

As a result of plaintiff's arrest, as well as performance-related issues and alleged violations of school policies, the CHISD Board of Trustees voted to terminate her contract. (*See* Def. MSJ App., Exh. 1-A at 3-5). A termination hearing was scheduled for February 2010. Prior to this hearing, the parties entered into a Compromise Settlement Agreement and Release ("the

---

[1] Release is an affirmative defense that must be proved by the defendant. *See Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 935 (5th Cir.), *cert. denied*, 115 S.Ct. 582 (1994).

Agreement"). (*See id.*, Exh. 1-B at 6-8). Under the terms of the Agreement, plaintiff voluntarily resigned her employment with CHISD, agreed to dismiss her request for a termination hearing and all pending grievances, and promised not to call or write the Board of Trustees, administrators, and employees of CHISD regarding her employment and separation. (*See id.*, Exh. 1-B at 6-7, ¶¶ 1, 3-4, 8). In return, CHISD agreed to pay plaintiff a lump sum of $31,924.10, provide a neutral employment recommendation, and not testify against her in any criminal proceeding unless subpoenaed. (*Id.*, Exh. 1-B at 6-7, ¶¶ 2, 5, 10). The Agreement also contains a release clause, which provides:

> Except for the rights and obligations created by this Agreement, the parties do hereby remise, release and forever discharge each other (including the District's Board of Trustees, officers, agents, servants[,] administrators, and employees, past and present) from any and all claims, demands and causes of action, of whatever kind or nature, whether known or unknown, suspected or unsuspected, held by each other, including but not limited to any claim arising out of or in any way connected with Ms. Tyler's employment with the District, the termination and/or resignation thereof, or any action or omission by Releasees, from the beginning of time through the date of this Agreement, including but not limited to any claim under the Americans with Disabilities Act of 1990, the Civil Rights Acts of 1964 and 1991, the Age Discrimination in Employment Act of 1967, and any applicable workers' compensation law.

(*Id.*, Exh. 1-B at 7, ¶ 6). Plaintiff, who was represented by counsel during settlement negotiations, signed the Agreement on February 8, 2010. (*Id.*, Exh. 1-B at 8 & Exhs. 2-3).

Defendants contend that plaintiff's Title VII claim against CHISD and her excessive force claim against Collier and McKinney are barred by the release provision of the Agreement. A plaintiff may waive claims under both Title VII and 42 U.S.C. § 1983 as long as the release was voluntarily signed, there is no evidence of overreaching, and the underlying agreement does not violate public policy. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 441 (5th Cir. 2002) (Title VII);

*Berry v. Peterson*, 887 F.2d 635, 636 (5th Cir. 1989) (section 1983). The interpretation and validity of such a release is governed by federal law. *Amedisys*, 298 F.3d at 441. In order to obtain summary judgment on their affirmative defense of release, defendants must establish that plaintiff "signed a release that addresses the claims at issue, received adequate consideration, and breached the release." *Id.*, *quoting Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 935 (5th Cir.), *cert. denied*, 115 S.Ct. 582 (1994). If defendants are able to prove these elements, it is incumbent upon the plaintiff to "demonstrate that the release was invalid because of fraud, duress, material mistake, or some other defense." *Id.*, *quoting Williams*, 23 F.3d at 935.

The court has little difficulty concluding that the release covers the claims at issue. By its terms, the release applies to "any and all claims, demands and causes of action" against CHISD and its employees "arising out of or in any way connected" to plaintiff's employment with the school district, "including but not limited to any claim under . . . the Civil Rights Acts of 1964 and 1991[.]" (Def. MSJ App., Exh. 1-B at 7, ¶ 6). Plaintiff was paid $31,924.10 for entering into the Agreement, which is more than adequate consideration. None of these facts are disputed by plaintiff. Defendants also present sworn affidavits from two witnesses who state that plaintiff reviewed and signed the Agreement. (*See id.*, Exh. 2 at 9, ¶ 3 & Exh. 3 at 14, ¶ 3). In an attempt to avoid summary judgment, plaintiff relies on an unsworn "affidavit" attached to her response wherein she denies signing the Agreement and claims that the signature affixed thereto is the product of a conspiracy between defendants and her former attorneys. (*See* Plf. MSJ Resp., Attch). Ordinarily, such evidence would create a genuine issue of material fact for trial. However, an affidavit in support of or opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." FED. R. CIV. P. 56(e)(1); *see also Ellipse Communications, Inc. v. Caven*,

No. 3-07-CV-1922-O, 2009 WL 3398709 at *4 (N.D. Tex. Oct. 16, 2009). Even though plaintiff's statement is notarized, it does not comport with the requirements of Rule 56(e)(1). *See Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1305-06 (5th Cir. 1988) (notarized document that is "neither sworn nor its contents stated to be true and correct nor stated under penalty of perjury" does not satisfy the requirements of 28 U.S.C. § 1746); *see also Schelsteder v. Montgomery County*, No. H-05-0941, 2006 WL 1117883 at *3 & n.5 (S.D. Tex. Apr. 21, 2006). Likewise, plaintiff has not adduced any competent summary judgment evidence to support her claims of unconscionability, duress, fraud, and mistake. (*See* Plf. Resp. Br. at 21-24). Because plaintiff has failed to controvert the evidence submitted by defendants showing that she signed a settlement agreement containing a valid release of the claims made the basis of this suit, defendants are entitled to judgment as a matter of law.[2]

## CONCLUSION

Defendants' motion for summary judgment [Doc. #31] is granted. The court will dismiss this action with prejudice by separate judgment filed today.

SO ORDERED.

DATED: July 22, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] As part of their motion for summary judgment, defendants seek attorney's fees and costs incurred in defending this action. Without suggesting a view of whether defendants are entitled to fees and costs, the court declines to decide this issue on summary judgment. Instead, defendants may file a motion for attorney's fees within 14 days after entry of a final judgment in accordance with Fed. R. Civ. P. 54(d)(2).