IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MARY TYLER | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | NO. 3-09-CV-2469-BD |
| CEDAR HILL INDEPENDENT SCHOOL DISTRICT, ET AL. | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Plaintiff Mary Tyler, appearing *pro se*, has filed a motion to proceed *in forma pauperis* on appeal. For the reasons stated herein, the court finds that plaintiff is indigent but certifies that her appeal is not taken in good faith.

In this civil action, plaintiff, a teacher formerly employed by the Cedar Hill Independent School District ("CHISD"), alleges that school administrators, teachers, students, and parents conspired to end her teaching career by falsely accusing her of wrongdoing. One incident that resulted in plaintiff's termination was her arrest by CHISD Police Officers Richard Collier and Michael McKinney after prescription pain medication was found in her classroom. According to plaintiff, she was falsely arrested, subjected to an illegal search and seizure, held hostage in her classroom for six hours, interrogated by the police without an attorney present, and injured by the use of excessive force. Plaintiff further alleges that she was slandered by unruly students and their parents, removed from her teaching position without due process, and discriminated against on the basis of race, age, and disability. On initial screening, the court dismissed all claims except for plaintiff's Title VII race discrimination claim against CHISD and her excessive force claim against

Collier and McKinney. *Tyler v. Cedar Hill Indep. Sch. Dist.*, No. 3-09-CV-2469-BD, 2010 WL 1233455 (N.D. Tex. Mar. 3, 2010), *rec. adopted*, 2010 WL 1233458 (N.D. Tex. Mar. 29, 2010). Those claims were dismissed on summary judgment based on a Compromise Settlement Agreement and Release signed by plaintiff prior to her scheduled termination hearing. *Tyler v. Cedar Hill Indep. Sch. Dist.*, No. 3-09-CV-2469-BD, 2010 WL 2899117 (N.D. Tex. Jul. 22, 2010). Plaintiff timely filed a notice of appeal on August 13, 2010, and now seeks leave to proceed *in forma pauperis* on appeal.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The motion must state "the nature of the action, defense or appeal and affiant's belief that [she] is entitled to redress." 28 U.S.C. § 1915(a). The district court may deny leave to proceed *in forma pauperis* if an appeal is not taken in good faith. *Ruston v. Dallas County, Tex.*, 320 Fed.Appx. 262, 263, 2009 WL 928191 at *1 (5th Cir. Apr. 7, 2009), *cert. dism'd*, 130 S.Ct. 267 (2009). An appeal is taken in good faith if it presents an arguable issue on the merits and therefore is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962); *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983). A movant must demonstrate the existence of a non-frivolous issue for appeal. *See also Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988).

The information submitted by plaintiff shows that she lacks the financial resources to pay the costs of an appeal. However, such an appeal is patently frivolous. For the reasons set forth in the March 3, 2010 report and recommendation of the magistrate judge, which was adopted by the district judge on March 29, 2010, and the July 22, 2010 order granting defendants' motion for summary judgment, plaintiff has failed to present an arguable issue on the merits with respect to any of her claims against defendants. The court therefore certifies that this appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Plaintiff's motion to proceed *in forma pauperis* on appeal [Doc. #53] is denied. If plaintiff wishes to challenge this ruling, she must file a separate motion to proceed *in forma pauperis* with the clerk of the United States Court of Appeals for the Fifth Circuit within 30 days of the date of this order. *See Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997).

SO ORDERED.

DATED: August 17, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE