IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARY TYLER §
 §
    Plaintiff, §
 §
VS. § NO. 3-09-CV-2469-BD
 §
CEDAR HILL INDEPENDENT §
SCHOOL DISTRICT, ET AL. §
 §
    Defendants. §

## **MEMORANDUM ORDER**

Defendants have filed a motion for $25,388.00 in attorney's fees as the prevailing party in this *pro se* Title VII case. As grounds for their motion, defendants contend that plaintiff's race discrimination claim, which was dismissed by the court on summary judgment, was frivolous because it was barred by a Compromise Settlement Agreement and Release. Plaintiff opposes the motion and asks the court not to award fees to defendants. The parties have been given an opportunity to brief the issues and present evidence in support of their respective positions. Having considered the evidence and the written submissions of the parties, the court denies the motion.

A district court has discretion to award reasonable attorney's fees to a prevailing defendant in a Title VII case if it determines that the action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). To determine whether a suit is frivolous, the court must ask whether "the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Stover v. Hattiesburg Public School Dist.*, 549 F.3d 985, 997-98 (5th Cir. 2008), *quoting Jones v. Texas Tech Univ.*, 656 F.2d

1137, 1145 (5th Cir. 1981). The court agrees that plaintiff's Title VII claim against her former employer, the Cedar Hill Independent School District, was frivolous in view of the settlement agreement releasing any and all claims arising out of her employment with the school district, "including but not limited to any claim under . . . the Civil Rights Acts of 1964 and 1991[.]" *See Tyler v. Cedar Hill Indep. School Dist.*, No. 3-09-CV-2469-BD, 2010 WL 2899117 at *2 (N.D. Tex. Jul. 22, 2010), *appeal filed*, Aug. 13, 2010 (No. 10-10827). However, defendants have failed to submit sufficient evidence to enable the court to calculate reasonable attorney's fees.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). In assessing the reasonableness of attorney's fees, the court must determine the "lodestar fee" by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly billing rate for each participating attorney. *See id.*, 103 S.Ct. at 1939; *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.), *cert. denied*, 116 S.Ct. 173 (1995). The court must review the records and exclude all time that is excessive, duplicative, or inadequately documented. *See Hensley*, 103 S.Ct. at 1939; *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990). The hours that survive this vetting process are those reasonably expended on the litigation. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

In support of their motion for attorney's fees, defendants rely exclusively on the affidavit of their attorney, which states, in pertinent part:

> At all times material, the firm of Strasburger & Price, LLP, has maintained as part of the ordinary course and scope of business a systematic means and method of reporting and recording charges of time on a daily basis, which results in the generation of fee bills on a normal billing cycle. Attorney time is charged in increments of tenths of an hour. As of July 29, 2010, the attorney's fees incurred in this matter totaled $25,388.00, which amount has been expensed to the

> District. This amount does not include additional time incurred on July 30, 2010 to finalize this affidavit and accompanying brief. Much of the time spent by legal counsel was necessitated by voluminous discovery served by Plaintiff on Defendants, Plaintiff's original agreement and then refusal to sign an agreement regarding the extension of time to designate expert witnesses, and the lengthy and largely unintelligible filings by Plaintiff that required extensive study.
>
> I have reviewed the reported charges of time incurred in connection with this litigation and am of the opinion that the time spent and the rates charged for such services have been reasonable and necessary in every instance.

(Def. Mot., Anderson Aff. at 2, ¶¶ 5 & 6). Other than counsel's conclusory assertion that the legal fees billed to her client were "reasonable and necessary," there is absolutely nothing to enable the court to determine for itself whether such fees are reasonable. The affidavit does not set forth the number of hours expended on the litigation, describe the services performed by attorneys and legal assistants, or specify the hourly billing rates of those legal professionals. Nor has counsel submitted her billing records. Without such evidence, the court cannot begin to assess the reasonableness of attorney's fees.

For these reasons, defendants' motion for attorney's fees [Doc. #48] is denied. Because defendants were given a full and fair opportunity to present evidence on attorney's fees to the court, and since plaintiff's financial status makes it unlikely that she can pay fees, the court declines to invest any more time or resources in this matter. Consequently, no motions for reconsideration or supplemental motions for attorney's fees shall be filed.

SO ORDERED.

DATED: September 7, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE